DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHNNIE CRISCO and THE ESTATE OF ANNA CRISCO BY HER PERSONAL REPRESENTATIVE, ROBIN BOOKER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 3:03-cv-00011-JKS<br><br>**OPPOSITION TO MOTION TO ADD EXPERT WITNESS AND TO REOPEN EXPERT DISCOVERY** |

Defendant, United States, opposes Plaintiffs' request to reopen discovery in order to add an expert witness and to depose Defendant's expert witness.  Discovery in this case has been open for approximately three years.  There has been ample opportunity for Plaintiffs to consider whether they can most effectively present their case with or without a privately retained expert witness and whether they needed to depose Defendant's expert.

Discovery was originally set to close on January 1, 2004.  Docket No. 7.  That date was unduly optimistic and the deadline for the end of discovery was extended to September 10, 2004.

Docket No. 11-2. The parties agreed to extend the deadline for exchange of expert reports to June 7, 2004, due to defense counsel's health problems. The United States provided its expert report in compliance with that deadline,[1] Plaintiffs did not provide any expert report. After two status reports, discovery was extended twice more, once to July 8, 2005 (Docket No. 21) and then to October 8, 2005 (Docket No. 26). Plaintiffs had sixteen months, plus an additional seven months since the close of discovery, to decide whether they needed to take the deposition of the United States' expert witness. No request for extension was ever due to problems in scheduling the deposition of Defendant's expert witness. Indeed, Plaintiffs did not inquire into taking the expert's deposition until after the close of discovery. Plaintiffs have offered no reason why they did not depose Defendant's expert while discovery was open. There is no justification for reopening discovery to allow Plaintiffs to depose Defendant's expert.

Similarly, there is no reason to reopen discovery to allow Plaintiffs to add an expert. There has been ample time since the inception of the case for Plaintiffs to decide whether they needed to retain an expert to prove their case. "The general rule in medical malpractice actions provides that 'the jury ordinarily may find a breach of professional duty only on the basis of expert testimony.'" D.P. v. Wrangell General Hospital, 5 P.3d 225, 228 (Alaska 2000)(quoting Kendall v. State, Div. of Corrections, 692 P.2d 953, 955 (Alaska 1984) and Clary Ins. Agency v. Doyle, 620 P.2d 194, 200 (Alaska 1980)). Whether or not a Plaintiff has an expert opinion to support his or her claim should be a threshold consideration, not something to address after the close of discovery. Plaintiffs' delay is prejudicial to the Defendant, delaying resolution of this case further.

---

[1] Motion at 4.

Furthermore, Plaintiffs do not appear to need a retained expert to meet their prima facie burden of proof.[2] The requirement of a written report in Civil Rule 26(a)(2)(B) applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. Commentary to Fed.R.Civ.P. 26(a) (1993), 146 F.R.D. 401, 635 (1993). The key to determining whether a report is required is whether the treating physician's opinion stems from his personal knowledge of the patient and his condition or if his opinion is based upon outside knowledge unrelated to his treatment of the patient. Cases that have considered where this demarcation point is were summarized in <u>Sullivan v. Glock</u>, 175 F.R.D. 497, 500-501 (D. Md. 1997).

> A witness can be a hybrid witness as to certain opinions, but a retained expert as to others, and with regard to treating physicians, there is a debate over where the line should be drawn. Compare <u>Shapardon v. West Beach Estates</u>, 172 F.R.D. 415, 416-17 (D.Haw. 1997) ("[T]reating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. Opinions as to these matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2)(B)."); <u>Lauria v. National R.R.</u>

---

[2] There is a disagreement among the physicians involved who have treated, examined or reviewed Mr. Crisco's case, and it is an ultimate issue for the Court as fact finder to determine whose opinion is correct.

Passenger Corp., No. Civ. A. 95-1561, 1997 WL 138906, at *2 (E.D.Pa. March 24, 1997) ("[A] court must inquire whether the treating physician acquired his opinion as to the cause of the plaintiff's injuries directly through his treatment of the plaintiff.... If so, then even though the treating physician may be deposed, he is not required to file the written report required by Rule 26(a)(2)(B). In this situation, testimony as to whether the injuries for which the physician treated the patient are causally related to the accident are within the scope of the patient's care and treatment."); Hall v. Sykes, 164 F.R.D. 46, 48 (E.D.Va.1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed by the treating physician without the necessity of a report under Fed.R.Civ.P. 26(a)(2)(B)... However, if a physician, even though he may be a treating physician, is specially retained or employed to render a medical opinion based upon factors that were not learned in the course of the treatment of the patient, then such a doctor would be required to present an expert written report."); Piper v. Harnischfeger Corp., 170 F.R.D. 173 (D. Nev.1997) (same); and Garza v. Abbott Lab., No. 95 C 3560, 1996 WL 494266 (N.D.Ill. Aug. 27, 1996) (same) with Thomas v. Consolidated Rail Corp., 169 F.R.D. 1, 2 (D.Mass.1996) ("Many courts, however, have recognized the unfairness of permitting a party to employ a physician who treated an injured party to provide testimony beyond simply the care of the plaintiff to classic expert opinion regarding causation and prognosis."); and Brown v. Best Foods, 169 F.R.D. 385, 388 (N.D.Ala.1996) ("To the extent the treating physician testifies only as to care and

treatment of his/her patient, the physician is not considered a specially retained expert [for whom Rule 26(a)(2)(B) disclosures are required].").

Sullivan v. Glock, 175 F.R.D. 497, 500-501 (D. Md. 1997). The court in Sullivan adopted the approach taken by the court in Shapardon as most helpful and most consistent with the stated purpose of Rule 26(a)(2)(A). The Seventh Circuit is more concise: "an expert need not be identified if he was 'a viewer or actor with regard to the disputed question.'" Patel v. Gayes, 984 F.2d 214, 217 (7th Cir.1993) (citations omitted). "In order to determine if an expert need be identified before trial, Rule 26 focuses not on the status of the witness, but rather on the substance of the testimony." Id. Under Rule 26(a)(2), an expert must be identified if his testimony does not come from his personal knowledge of the facts underlying the case. Id.

Plaintiffs' use of Dr. Hall to offer an expert opinion concerning Mr. Crisco's first surgery comes from his personal knowledge of the facts underlying the case, thus no report is required. If, however, Plaintiffs planned to have Dr. Hall render a medical opinion based upon facts that were not learned in the course of his treatment of Mr. Crisco, only then would he be required to present an expert written report. If Plaintiffs find themselves in a quandary because they were planning to use Dr. Hall to offer opinions not based on the facts that were learned in the course of Mr. Crisco's treatment, this is no justification for reopening discovery to allow Plaintiffs to cure their oversight. The law on this question has been well established and Plaintiffs have had plenty of time to decide what they need to prove their case.

Now, with a trial date set, Plaintiffs' motion to add an expert and to depose Defendant's expert witness should be denied. Discovery has been extended several times already. The deadline

for identifying experts and exchanging reports was 23 months ago. There has been no showing of either a need or a justification to reopen discovery to add an expert witness at this late date.

Alternatively, if Plaintiffs' motion to reopen discovery is granted, the trial date should be vacated. Plaintiffs have had Defendant's expert report for two years. Plaintiffs' proposed expert report has not been written. Reopening expert discovery on a truncated schedule prejudices the Defendant, restricting and limiting the opportunity to develop and present a defense.

Defendant asks that Plaintiffs' motion be denied.

Respectfully submitted this 11th day of May, 2006, in Anchorage, Alaska.

>   DEBORAH M. SMITH
>   Acting United States Attorney
>
>   s/Richard L. Pomeroy
>   Assistant U.S. Attorney
>   222 West 7th Ave., #9, Rm. 253
>   Anchorage, AK 99513-7567
>   Phone: (907) 271-5071
>   Fax: (907) 271-2344
>   E-mail: richard.pomeroy@usdoj.gov
>   AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2006,
a copy of the foregoing OPPOSITION
TO MOTION TO ADD EXPERT
WITNESS AND TO REOPEN
EXPERT DISCOVERY was served
electronically on George M. Kapolchok, Esq.

s/ Richard L. Pomeroy