## MINUTES OF THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

*Crisco v. United States*
Case No. 3:03-cv-00011-JKS

By:                THE HONORABLE JAMES K. SINGLETON

Deputy Clerk:      Dan Maus, Case Management: 677-6123

<u>PROCEEDINGS</u>:    ORDER FROM CHAMBERS

      This action seeks damages for medical malpractise allegedly performed by an employee or agent of the United States, under the Federal Tort Claims Act.  Plaintiff seeks an order re-opening discovery so he may list a new expert witness and so that he may depose a defense expert.  Docket No. 36.  The motion is opposed, and Plaintiff has replied. Docket Nos. 37 (opp'n); 38 (reply).

      It is not clear from the motion whether Dr. Hall is prepared to give an opinion that Mr. Crisco's injuries were caused by Defendant's malpractice.  If he is, then any philosophical concerns he may have would appear inconsequential.  If the witness is to be added he must have something to say that Dr. Hall is not planning to say.  If, on the other hand, Dr. Hall is refusing to provide medical support for Crisco's claims, then the Court would be prepared to allow an additional witness to fill the gap that Plaintiff did not anticipate within the time previously set for discovery.  If the Court does allow the witness, it would hope that the parties could work together in scheduling depositions and the filing of any additional expert reports.

      The Court will therefore **DENY** the request at **Docket No. 36** to add an expert witness, without prejudice to its renewal.  The Court will **GRANT** Plaintiff's request at **Docket No. 36** to depose Defendant's medical expert, Dr. Vigeland, at a time convenient to the Doctor and counsel for the government.

      **IT IS SO ORDERED.**

Entered at the direction of the Honorable James K. Singleton, United States District Judge.

DATE:  <u>May 31, 2006</u>

F:\HOME\JUDGES\DOCS\SHARED\Forms\MO.FRM