IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHNNIE CRISCO and THE ESTATE OF ANNA CRISCO by HER PERSONAL REPRESENTATIVE, ROBIN BOOKER,<br><br>　　　　　　Plaintiffs,<br>　　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 3:03-CV-00011-JKS<br><br>ORDER SETTING A DATE FOR A FINAL PRETRIAL CONFERENCE AND DEADLINES FOR PRETRIAL DOCUMENTS |

## I.  CASE STATUS

On March 13, 2006, this Court entered an order requesting certification of readiness for trial. *See* Docket No. 31.  Plaintiff(s) filed a joint qualified certification of readiness for trial on April 5, 2006.  *See* Docket No. 34.  The Court set this case for trial by court on **Tuesday, December 5, 2006, at 9:00 a.m., United States Courthouse, Anchorage, Alaska**.  The trial is estimated to require four days.  To facilitate the trial process, a **Final Pretrial Conference** is set for **Monday, November 20, 2006, at 9:00 a.m., Courtroom No. 4, United States Courthouse, Anchorage, Alaska**.  If a party would like to participate in the Final Pretrial Conference telephonically, that party must notify the Court's Case Management Clerk, Dan Maus, at 677-6123, at least twenty-four hours prior to the conference.  *See* D. Ak. LR 7.2.

## II.  PRETRIAL PROCEDURES

A Final Pretrial Conference, pursuant to Rule 16(d) of the Federal Rules of Civil Procedure, is intended to provide a meaningful and efficient forum for the resolution of pretrial conflicts, discourage wasteful trial practices, and thereby improve the quality of the trial.  The conference is designed to accomplish the following:  limit and define the issues for trial; determine an agreed-upon statement of facts; resolve objections and other matters relative to witnesses and exhibits; and dispose of any final motions.  In furtherance of these goals, the Court has developed a schedule for the submission of certain documents prior to the Final Pretrial Conference.

First, the parties are required to file the following documents:  (1) trial briefs; (2) final list of witnesses who will testify at trial; (3) final exhibit lists; and, (4) the Judge's Copy of trial exhibits (lodged with the Clerk of Court).  The deadline for submission of the **Pretrial Documents** is **Monday, October 9, 2006**.  The parties are next required to meet and discuss the submitted Pretrial Documents and complete a comprehensive Proposed Pretrial Order that shall be filed jointly and will provide the agenda for the Final Pretrial Conference.  The deadline for filing the comprehensive **Proposed Pretrial Order** is **Monday, November 6, 2006**.  Finally, a Final Pretrial Conference will be held to discuss any remaining issues that need to be resolved prior to trial.  Following the conclusion of the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will supersede the pleadings, determine the issues to be submitted at trial, and govern all further proceedings.  The parties must follow the guidelines discussed below in preparing the documents discussed above.

A.     *Exhibits*

The parties must file a list of exhibits and lodge with the Clerk of Court the Judge's Copy of the exhibits.  The Judge's Copy of trial exhibits is to be hole-punched, tabbed, and placed in

binders. To meet the deadline for lodging the Judge's Copy, the parties must arrange for an exhibit review with the Clerk of Court at least three days in advance of the deadline. *See* D. Ak. LR 39.3. All depositions that are to be used for any purpose at trial shall be lodged with the Clerk of Court at the time and in the manner specified for the exhibit review. Any depositions offered at that time will be ordered published as a matter of course. If the parties do not agree to the admittance of a deposition at that time, the parties will mark the deposition "i.d." for "identified" instead of "adm." for "admitted." *See id.* The parties must debate all objections to exhibits in the trial briefs as described below.

For clarity and ease of identification, exhibits shall be identified as follows: All exhibits to be offered at trial must be sequentially numbered—1, 2, 3, etc., not A, B, C, . . . AA, BB, CC, etc. Plaintiff's exhibit numbers shall be preceded by a "P"—P1, P2, etc. Likewise, Defendant's exhibits shall be preceded by a "D"—D1, D2, etc. Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits. The parties should simply agree as to which side shall include the exhibit in its set, and reference the exhibits accordingly.

B.    *Trial Briefs*

Trial briefs shall contain a summary of the party's position. The briefs shall contain all authorities upon which the party relies in support of its position on each contested issue of law. In addition, the briefs shall disclose and address those theories of the case that the party will present at trial, and those claims and defenses that the party, after carefully reviewing the pleadings, discovery, and prior motion practice, expects its opponent to present at trial.

All objections to exhibits must also be supported in the trial briefs. Each party offering an exhibit to which an objection has been offered shall respond to the objection and show why the

objection should be denied and the exhibit admitted. Where the exhibit is being offered for a limited purpose, that fact should be made clear so that the parties may consider eliminating the exhibit by stipulation to one or more facts. In order to effectively debate the admissibility of exhibits in the trial briefs, the parties should first discuss each exhibit and reach an agreement as to the specific purpose or purposes for which each exhibit is being offered, and what the foundation is, if any, for its admission. Each party may file a supplemental trial brief responding to the objections raised in the trial briefs. This **first supplemental trial brief**, if offered, shall be filed no later than **Monday, October 16, 2006**.

C.   *Preparation of a Proposed Pretrial Order*

The parties shall meet as soon as practical after the deadline for the first supplemental trial briefs. The purpose of this meeting is to review the entire case as it will be presented at trial and develop a comprehensive pretrial order. If the parties cannot agree on a time and place for the meeting, they shall **meet** at **2:00 p.m. on Monday, October 23, 2006,** at the offices of counsel for Plaintiff. At least one attorney with plenary authority to resolve any issue that might arise at trial, including settlement of the entire case, must be present in person at the attorney meeting. If a party is unwilling to grant plenary authority to its attorney, then the party or the party's authorized agent must be present in person at the attorney meeting. At the meeting, each party should be prepared to discuss and, if possible, reach agreement regarding any issue raised in the trial briefs, any supplements to the trial briefs, final witness lists, and final exhibit lists. The decisions reached and any stipulations entered shall be incorporated into a Proposed Pretrial Order. A sample Proposed Pretrial Order with explanations is attached. The parties shall follow this format. The parties shall each file a second supplemental trial brief addressing those issues about which agreement could not

be reached.  The parties shall address in their second supplemental trial brief all contested trial exhibits.  The **second supplemental trial briefs** shall be filed no later than **Monday, November 13, 2006.**

D.      *Final Pretrial Conference*

Prior to the Final Pretrial Conference, the Court will review the record, the joint Proposed Pretrial Order, and the second supplemental trial briefs, which address issues that could not be resolved by the parties prior to the submission of the Proposed Pretrial Order.  The parties should be prepared to discuss all unresolved issues at the Final Pretrial Conference.  Following the Final Pretrial Conference, the Court will issue a Final Pretrial Order that will govern all further proceedings.

## III.  FILING

In addition to the usual filing of a "hard copy," the Proposed Pretrial Order and *second* supplemental trial briefs must be submitted on a PC-compatible computer diskette in any of the popular word processor formats, *e.g.*, WordPerfect or Microsoft Word.  The diskettes shall be filed at the same time the hard copies are filed.

The parties should not assume that they are at liberty to stipulate to a change of the dates set within this Order.  If the parties do so stipulate, and the Court grants such stipulation, the Court reserves the right to vacate the trial date if the change in date(s) deprives the Court of adequate time to complete its trial preparation.  **If the parties file a joint stipulation for an extension of time and the Court denies the motion, late filed documents will not be accepted, unless the Court grants leave to accept the late filed documents.  In addition, the attorney(s) submitting the late**

**filed documents may be subject to Court imposed sanctions. Each attorney may be subject to a fine, up to $100.00 per day, for every day the documents are late.**

## IV. SUMMARY OF DEADLINES

A summary of the deadlines imposed by this Order is as follows:

| | |
|---|---|
| Pretrial Documents | **Monday, October 9, 2006** |
| First Supplemental Trial Briefs[1] | **Monday, October 16, 2006** |
| Proposed Pretrial Order Meeting[2] | **Monday, October 23, 2006** |
| Proposed Pretrial Order[3] | **Monday, November 6, 2006** |
| Second Supplemental Trial Briefs[3] | **Monday, November 13, 2006** |
| Final Pretrial Conference | **Monday, November 20, 2006** |

[1] Optional
[2] Unless otherwise agreed, offices of counsel for Plaintiff at 2:00 p.m.
[3] Filed in both hard copy and PC-compatible computer diskette

DATED at Anchorage, Alaska this 14th day of June, 2006.

        /s/ James K. Singleton, Jr.
        **JAMES K. SINGLETON, JR.**
        United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PLAINTIFF,<br>            Plaintiff,<br>    vs.<br>DEFENDANT,<br>            Defendant. | Case No. CASE NO. (JKS)<br><br>PROPOSED PRETRIAL ORDER |

(*All of the* **bold text** *in this document is to be used verbatim by the parties in their Proposed Pretrial Order. The remainder of this document is comprised of instructions and examples.*).

Pursuant to the Scheduling Order entered on [Date], the following is the joint Proposed Pretrial Order to be discussed and considered at the Final Pretrial Conference set for [Date].

### I.   Parties

(*List the parties and their relationships.*).

### II.   Jurisdiction

(*Cite the authority(-ies) granting this Court jurisdiction. Also, note whether jurisdiction is or is not disputed. If jurisdiction is disputed, the party contesting jurisdiction shall set forth with specificity the reasons for the objection. If jurisdiction is not disputed, the parties must still cite the authority(ies) granting the Court jurisdiction.*).

### III.   Schedule of Trial

(*List date, place, time, probable length, and whether trial will be by court or jury.*).

### IV.   Nature of Action

(*Provide a concise statement of the type of case, cause of action, and relief sought.*

*Example:*  This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. Plaintiff contends that the forklift was defectively designed and manufactured by Defendant and that the defects were a producing cause of his injuries and damages. *Also, indicate which law governs,* i.e.*, state or federal. The statement of the nature of the action shall not contain argument or discussion of factual or legal disputes.*).

## V. Legal Issues Already Decided by this Court

(*If the Court has made any legal determinations,* e.g*., partial summary judgment motions, motions* in limine*, or motions that eliminate certain parties, such determinations should be briefly addressed here.*).

## VI. Joint Statement of Issues

(*At minimum, the joint statement of issues in this section must identify the legal elements required to be established by either party in order to establish each claim or affirmative defense asserted by either party. If the parties do not agree on the statement of issues, a brief statement of the basis for their disagreement as to any issue or issues shall be included.*).

## VII. Stipulated Statement of Facts

(*The emphasis in the statement of uncontested facts should be upon the inclusion of all possible non-controversial, background material, which will serve to put into proper context the issues to be litigated. This statement shall include all facts upon which a party intends to rely and that the opposing party does not intend to controvert. In the preparation of the statement, and unless the parties all concur on a different, effective procedure, the parties shall each prepare a statement of facts that they intend to prove at trial, from which each side can identify those facts that are not to be controverted. Those uncontroverted facts shall be incorporated into the joint statement of uncontested facts. The uncontested facts should be presented in simple English so that they can be read to and understood by a lay jury.*).

## VIII. Contested Issues of Fact and Law

A. The Following Are the Issues of Fact to Be Tried and Decided:

(*Each issue of material fact must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of material fact.*).

*Example:*

Issue 1: Whether Plaintiff used due care.

Plaintiff contends: Plaintiff looked both ways before stepping into the street. . . .
Defendant contends: Plaintiff darted out into the street without looking. . . .

B. **The Following Are The Issues Of Law To Be Tried And Determined:**

(*Each issue of law must be stated separately and in specific terms. Each party's contention as to each issue must be set forth with respect to each and every issue of law.*).

*Example:*

Issue 1: Whether Plaintiff's suit is barred by the doctrine of laches.

Plaintiff contends: . . . .
Defendant contends: . . . .

IX. **Exhibits**

(*The parties should list each exhibit in the order that it will be offered at trial. The parties should indicate those exhibits that are still contested,* i.e., *"i.d." or "adm." By this stage, both parties should have discussed and therefore know the purpose and foundation for each exhibit.*

*For clarity and ease of identification, exhibits shall be identified as follows: all exhibits to be offered at trial must be sequentially* numbered—*1, 2, 3,* etc., *not A, B, C . . . AA, BB, CC, etc.; plaintiff's exhibit numbers shall be preceded by a "P"*—*P1, P2,* etc.; *likewise, defendant's exhibits shall be preceded by a "D"*—*D1, D2,* etc. *Exhibits to which both sides will refer shall not be grouped in a separate "joint" set of exhibits. The parties should simply agree as to which side shall include the exhibit in its set, and reference the exhibit(s) accordingly.*).

X. **Witness Lists**

(*A jointly prepared list of witnesses must accompany this order. It shall list witnesses in the order they will testify, provide their respective addresses, identify each as either plaintiff's or defendant's witness, and indicate whether he or she is a fact, or expert, witness. If a witness' address is unknown, that fact should be disclosed. A brief statement as to the testimony of each witness must also be included. Additionally, the parties shall designate which witnesses: 1) shall be called at trial; 2) may be called at trial; and 3) are unlikely to be called at trial.*).

**The parties understand that the Court has put them on notice that they are responsible for ensuring that the witnesses they want to put on the stand to testify are subpoenaed to testify, regardless of whether the intended witness is listed as a witness for the plaintiff(s) or the defendant(s). Simply because a party lists a witness does not mean that the witness will be called.**

**Therefore, a party should not rely on the listing of a witness by the opposing party as an indication that the witness will be called.  To the extent possible, the parties shall stipulate to the witnesses that will be called to testify.**

### XI. Effect of this Order

**When finalized, this Proposed Pretrial Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.**